HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN E. BETTYS, on behalf of himself and all other persons similarly situated and unknown,<br><br>                    Plaintiff,<br><br>    v.<br><br>STATE OF WASHINGTON; STATE OF WASHINGTON DEPARTMENT OF HEALTH AND HUMAN SERVICES; WILLIAM VANHOOK; BILL GRAVES; JOHN OR JANE DOES ONE THROUGH EIGHT,<br><br>                    Defendants. | CASE NO. 3:17-CV-5501 RBL<br><br>ORDER DENYING MOTION FOR LEAVE TO PROCEED IFP |

THIS MATTER is before the Court on Plaintiff Bettys' Motion to Procced *in Forma Pauperis* [Dkt. #1]. Bettys is a pretrial detainee and "patient worker" at the Special Commitment Center (SCC) mental health hospital on McNeil Island. Bettys claims the SCC owes him and other patient workers at least minimum wage under the Fair Labor Standards Act. He asks the Court to award them their unpaid wages and for an injunction. Presently, Bettys asks the Court to permit him to proceed *in forma pauperis* as an "agent" of this putative class.

## I. DISCUSSION

**A.  Legal Standard.**

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The Court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

**A.  Bettys Cannot Represent His Putative Class Members.**

Bettys sues on his own behalf and on his fellow patient workers' behalves. He claims the SCC pays its "employees" less than minimum wage, and he asks the Court to allow him to act as their agent.

As a non-attorney, Bettys cannot represent his putative class members. *See Bradvica v. Terhune*, 198 F.3d 253 (9th Cir. 1999) (citing *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966)) (holding that district court did not abuse its discretion by denying non-attorney plaintiff *IFP* status because he could not represent class members). The claims he asserts on their behalves are therefore frivolous. Bettys cannot obtain *IFP* status on this ground.

**B.     Bettys' Minimum Wage Claim is Frivolous.**

Bettys claims the SCC patient workers are entitled to minimum wage because they are "employees" under section 201 of the FLSA. The FLSA was created in 1938 to provide workers with all necessary minimum living standards to maintain their health, efficiency, and well-being. It applies to persons and entities who have an employer-employee relationship. An "employee" is "any individual employed by an employer," 29 U.S.C §203(e)(1), including one "employed by a State," 29 U.S.C. §203(e)(2)(c). "Employer" includes "a public agency," 29 U.S.C. § 203(d), and to "employ" means "to suffer or permit to work," 29 U.S.C. § 203(g).

SCC residents maintain a status between prisoner and civilian. They are afforded more considerate treatment and conditions of confinement than criminals, whose confinements are designed to punish. *See Hydrick v. Hunter*, 500 F.3d 978 (9th Cir. 2007).

Courts use an "economic-reality" test to evaluate whether an employer-employee relationship exists. *See Real v. Driscoli Strawberry Associates, Inc.*, 603 F.2d 748, 754 (9th Cir. 1979). When the worker is a prisoner, however, his labor belongs to the detaining institution, and he is not entitled to minimum wage. *See Hale v. State of Ariz.*, 993 F.2d 1387, 1395 (9th Cir. 1993). The Ninth Circuit has yet to address whether courts should analyze the work performed by civilly-detained persons under the standards applicable to civilian-employees or those applicable to prisoners.

The Court need not reach this question because the Eleventh Amendment bars state employees from suing their employers to enforce the wage and overtime provisions of the FLSA without an express waiver of sovereign immunity. *See Alden v. Maine*, 527 U.S. 706, 119 S. Ct. 2240 (1999). Washington State has not consented to a waiver of its Eleventh Amendment immunity for claims arising out of the FLSA. *See, e.g., Strauss v. Dreyfus*, No. C10-5646BHS,

WL 809797, at*2 (W.D. Wash. March 2, 2011) (concluding plaintiff failed to state a claim upon which the court could grant relief because the Eleventh Amendment barred his claims under the FLSA); *see also*, *Gonzalez v. Mayberg*, No. CV-07-6248CBM (MLG), WL 2382686, at *2 (C.D. Cal. July 31, 2009) (Concluding the Eleventh Amendment bars state employees from suing their employers to enforce the FLSA without a waiver of sovereign immunity).

Bettys' claim therefore is barred by the Eleventh Amendment immunity. Bettys has failed to state a claim on which the Court may grant relief. His minimum wage claim is frivolous, and is dismissed.

## II. CONCLUSION

The Court does not deny *in forma pauperis* status lightly, but Bettys is not an attorney and Washington State has not consented to be sued under the FLSA. Therefore, Bettys' Motion to Proceed *in Forma Pauperis* [Dkt. #1] is DENIED. He shall pay the Court's filing fee within **30 days** of this **ORDER**, or his case will be dismissed.

Dated this 18th day of July, 2017.

Ronald B. Leighton
United States District Judge